**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BROADCAST MUSIC, INC. et al.,** | : | |
| **Plaintiffs** | : | |
| | : | **No. 1:14-cv-00449** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **KUJO LONG, LLC, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the Court is Plaintiffs' motion for default judgment.  (Doc. No. 11.)  As

Defendants have yet to appear or defend in this action, no opposition to the motion has been

filed.  For the reasons that follow, the Court will grant the motion and enter default judgment in

favor of Plaintiffs.

## I.    BACKGROUND

On March 3, 2014, Plaintiffs, including Broadcast Music, Inc.,[1] ("BMI") filed the above-

captioned action against Defendants Kujo Long, LLC, Stephen G. Kujovsky, and Lonnie M.

Long.  (Doc. No. 1.)  The complaint alleges that Defendant Kujo Long, LLC operates, maintains

and controls Niko's, an establishment located in Lebanon, Pennsylvania, which regularly

features performances of live and recorded music.  (Id. ¶¶ 20-21.)  Defendants Kujovsky and

Long are, respectively, the President and Secretary of Kujo Long, and the complaint alleges that

both individuals are responsible for the operation and management of Kujo Long.  (Id. ¶¶ 23-26.)

The complaint brings twelve claims of willful copyright infringement arising from unauthorized

---

[1] The numerous remaining Plaintiffs consist of the owners of the copyrights in the twelve
individual musical compositions allegedly infringed by Defendants.  (See Doc. No. 1 ¶¶ 3-19.)
BMI states that it has been granted the right to license the public performance rights of this
material.  (Id. ¶¶ 3, 32.)

public performances at Niko's of musical compositions owned and/or licensed by the Plaintiffs. (Id. ¶¶ 28-34.)

The record indicates that, although Defendants were properly served with the summons and complaint, Defendants have not appeared, answered, moved, or otherwise responded to Plaintiffs' complaint.  Subsequently, on May 5, 2014, Plaintiffs requested the Clerk of Court enter default against Defendants, which the Court entered that same day.  (Doc. Nos. 9-10.)  On June 19, 2014, Plaintiffs filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b).  (Doc. No. 11.)  Plaintiffs seek an injunction enjoining and restraining Defendants from infringing on their copyrighted musical compositions.  (Id.)  Plaintiffs also seek statutory damages of $30,000, consisting of an award of $2,500 for each of the twelve acts of infringement, in addition to costs and attorneys fees.  (Id.)

## II.    DISCUSSION

### A.    Default judgment

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person.  Fed. R. Civ. P. 55(b)(2).  Entry of default does not entitle a claimant to default judgment as a matter of right.  10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010).  Even when a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to either render default judgment or refuse to render default judgment rests in the discretion of the district court.  Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).  In undertaking this evaluation, the Court must consider: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to

have a litigable defense; and (3) whether defendant's delay is due to culpable conduct."

Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).  But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c).  As the United States Court of Appeals for the Third Circuit has explained:

> In most instances where a party's right to prosecute or defend would be terminated as a sanction, the moving party has the burden of creating a record showing the appropriateness of this ultimate sanction and the district court has the responsibility of making a determination on that issue in light of considerations like those articulated in Poulis.  When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.  Even in those situations, however, consideration of Poulis type factors is required if a motion to lift the default is filed under Rule 55(c) or Rule 60(b) and a record is supplied that will permit such consideration.

Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

The Court finds that the factors weigh in favor of granting default judgment.  First, Plaintiffs will be prejudiced both by their claimed lost revenues, and by their current inability to proceed with their action due to Defendants' failure to defend.  See Frank Music Corp. v. Emerson's Pub, Inc., No. 08-0532, 2009 WL 744964, at *1 (M.D. Pa. Mar. 18, 2009) (finding prejudice to plaintiff in copyright infringement case because "[i]f default is denied, plaintiffs face the prejudice of being unable to proceed with this action and the potential continued infringement of their copyrighted works").  Second, Defendants have not answered the complaint and, accordingly, have not asserted any meritorious defense to its allegations or to the

subsequent motion for default judgment.  Lastly, Defendants were all properly served, yet did

not respond to the complaint or appear to oppose the subsequent motion for default judgment.

Accordingly, Defendants are personally culpable for their failure to appear and the record does

not display any mitigating circumstances excusing such failure.  In light of these factors, the

Court finds that default judgment is appropriate under the circumstances.

     Because default judgment is appropriate under the factors provided by the Third Circuit,

"the factual allegations of the complaint, except those relating to the amount of damages, will be

taken as true."  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).  The allegations

in the complaint, taken as true, are sufficient to make out a claim of copyright infringement.  A

claim of copyright infringement requires a plaintiff to establish by a preponderance of the

evidence: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements

of the plaintiff's work."[2]  Spring Mount, 555 F. Supp. 2d at 541 (quoting Dun & Bradstreet

Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002)).  "Copying

refers to the act of infringing any of the exclusive rights that accrue to the owner of a valid

copyright, as set forth at 17 U.S.C. § 106, including the rights to distribute and reproduce

copyrighted material."  Id. (citing Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 207 (3d

Cir. 2005)).  The complaint alleges that Plaintiffs own the copyrights to the infringed musical

---

     [2]  Courts have noted that "[t]o prove copyright infringement in the performance context, a plaintiff must demonstrate: "(i) the originality and authorship of the composition involved; (ii) compliance with all formalities to secure copyright; (iii) that the plaintiff is the proprietor of the composition involved in the action, (iv) that the composition was performed publicly for profit at the location alleged; and (v) that the defendant did not have permission [from the copyright holder]."  Broad. Music, Inc. v. It's Amore Corp., No. 08-570, 2009 WL 1886038, at *3 (M.D. Pa. June 30, 2009).

compositions, and that Plaintiff BMI has been granted the right to license those public

performance rights, including the rights to all copyrights infringed by Defendants.  (Doc. No. 1.)

The complaint also alleges that Defendants are responsible for operations at Niko's, where

public performances of those copyrighted compositions took place.  (Id. ¶¶ 20-34.)  The

complaint also incorporates a "Schedule" that lists, among other pertinent facts, the names of the

copyrighted compositions, the date on which the material was copyrighted, and the date

Defendants infringed the copyright at their establishment.  (Doc. No. 1 at 9-13.)  Accordingly,

the facts set forth in the complaint state a valid claim of copyright infringement against the

Defendants entitling Plaintiffs to default judgment.  See generally Broad. Music, Inc. v. Shane's

Flight Deck, Ltd., No. 09-2151, 2010 WL 4916208 (M.D. Pa. Nov. 24, 2010), Frank Music

Corp, 2009 WL 744964.  See also Broad. Music, Inc. v. It's Amore Corp., No. 08-570, 2009 WL

1886038, at *5 (M.D. Pa. June 30, 2009) (granting summary judgment to BMI in factually

similar case where "[defendants] sponsored the infringing performances, since they were the

proprietors of the restaurant where those performances took place.  As such, they are liable for

the infringement.").  Because the Court has determined that Plaintiffs are entitled to default

judgment on their copyright claims, the court will now proceed to the issue of Plaintiffs'

requested relief.

 B. **Relief**

  1. **Injunctive relief**

Plaintiffs request that the Defendants "be enjoined and restrained from infringing, in any

manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502."

(Doc. No. 12 at 5.)  Section 502 of the Copyright Act provides that a court may grant "final

injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  "When past infringement and a substantial likelihood of future infringements is established, a copyright holder is ordinarily entitled to a permanent injunction against the infringer."  Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 543 (quoting A & N Music Corp. v. Venezia, 733 F.Supp. 955, 958 (E.D. Pa. 1990)).  In determining whether to grant a permanent injunction, courts consider whether: (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest. Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001).

The Court initially notes that other courts in this circuit addressing similar claims and facts have consistently seen fit to enter a permanent injunction against copyright infringers upon entry of default judgment, and the Court finds their analysis persuasive.  See, e.g., Shane's Flight Deck, 2010 WL 4916208, at *1; Frank Music Corp., 2009 WL 744964, at *1, Spring Mount, 555 F. Supp. 2d at 543.  Applying the factors listed above, the Court agrees that an injunction is appropriate.  First, although the failure to appear has made it impossible for this Court to reach the merits, the Court accepts the allegations in the complaint as true and finds Plaintiffs have set forth a claim for copyright infringement.  Second, the record is replete with evidence indicating there is a substantial likelihood of future infringements, as Defendants have ignored the repeated warnings by Plaintiffs that their copyrights are being infringed, and Defendants have continually refused to enter into a licensing agreement with Plaintiffs.  (See Doc. No. 12-3, Declaration of Lawrence E. Stevens.)  Accordingly, the issuance of an injunction will prevent irreparable harm

by preventing Defendants from continuing to violate Plaintiffs' copyrights.  See Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1254 (3d Cir. 1983) (noting "the prevailing view that a showing of a prima facie case of copyright infringement or reasonable likelihood of success on the merits raises a presumption of irreparable harm").  Third, it will not unfairly prejudice Defendants, who have repeatedly violated Plaintiffs' copyrights despite warnings to the contrary, and who have refused to take any action to defend this action.  Lastly, as the Courts addressing similar matters have noted, "an injunction which enforces federal copyright laws, and protects the rights and responsibilities defined by them, is by definition in the public interest."  Spring Mount, 555 F. Supp. 2d at 544-45.  Accordingly, the Court finds that a permanent injunction is appropriate in this matter.

## 2.        Statutory Damages[3]

Plaintiffs seek statutory damages under 17 U.S.C. § 504(a) of $2,500 for each of the twelve alleged acts of infringement, for a total of $30,000.  (Doc. No. 11 at 1.)  Pursuant to 17 U.S.C. § 504(a), plaintiff may seek actual damages or statutory damages, as defined by Section

---

[3]  Courts have found that no hearing is required under Federal Rule of Civil Procedure 55(b)(2)(B) if the record before it provides a sufficient basis for determining the proper amount of statutory damages.  Frank Music Corp., 2009 WL 744964, at *2 n.2 (noting that "the Court must consider whether the facts of the complaint and the evidence adduced by the plaintiffs in their motion for default judgment, provide a sufficient basis to determine whether the requested statutory damages are just" and concluding that "given the plaintiffs' thorough documentation submitted regarding damages, the Court finds no need for a hearing on the issue"); Broad. Music, Inc. v. DeGallo, Inc., 872 F. Supp. 167, 168 (D.N.J. 1995) (declining to hold Rule 55(b) hearing in order to determine proper statutory damages for default judgment entered in copyright infringement action); see also Moore § 55.32[2][c] ("[T]he 'hearing' may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue").  Along these lines, because the Court finds that the Plaintiffs' filings contain ample information from which the Court can make a determination regarding the proper amount of damages, a hearing is not necessary under Rule 55(b)(2)(B) to determine the amount of damages due.

504(c).  Statutory damages under this section consist of a sum "between $750 and $30,000 for each infringement, as the Court considers just."  <u>See</u> <u>Spring Mount</u>, 555 F. Supp. 2d at 544 (citing 17 U.S.C. § 504(c)(1)).  "Statutory damages serve the dual purposes of compensation and deterrence: they compensate the plaintiff for the infringement of its copyrights; and they deter future infringements by punishing the defendant for its actions."  <u>Id.</u>  In considering the appropriate amount of statutory damages, courts should consider "(1) expenses saved and profits reaped by the infringer; (2) revenues lost by the plaintiff; (3) the strong public interest in insuring the integrity of the copyright laws; and (4) whether the infringement was willful and knowing or innocent and accidental.  <u>Id.</u>  "The district court has wide discretion as to the damages actually awarded" under the Act.  <u>Broad. Music, Inc. v. DeGallo, Inc.</u>, 872 F. Supp. 167, 169 (D.N.J. 1995) (citing <u>Harris v. Emus Records Corp.</u>, 734 F.2d 1329, 1335 (9th Cir. 1984)).

Courts in this circuit have recently awarded, in similar cases, statutory damages varying from $1,500 per infringement[4] to $5,000 per infringement[5], and as part of the justification for awarding above the statutory minimum, these courts found that the record evidence supported a finding that Defendants wilfully and deliberated violated the Copyright Act.  Here, Plaintiffs seek $2,500 for each infringement, a number above the statutory minimum of $750.  (<u>See</u> Doc. No. 12-3 at 5.)  The Court finds, first, that the record supports a finding of willfulness on the part of Defendants.  Specifically, Plaintiffs' have proffered, in support of their motion for default

---

[4] <u>It's Amore Corp.</u>,  2009 WL 1886038, at *8.

[5] <u>Shane's Flight Deck</u>, 2010 WL 4916208, at *1.

judgment, an affidavit by Lawrence E. Stevens, an Assistant Vice President, Licensing, for BMI. (Doc. No. 12-3.).)  Stevens indicates that BMI learned of Defendants' infringing activity prior to sending a letter in December 2010, notifying them that a license was required to play the music being publicly performed at Niko's.  (Id. ¶ 3.)  He also indicates that at least twenty-seven different letters were sent to Defendants through 2011, 2012, and 2013 informing Defendants that a license was required or requesting they cease and desist from playing Plaintiffs' copyrighted music.  (Id. ¶¶ 5-6.)  He further states that BMI personnel phoned Niko's on forty-one occasions, and spoke to Defendant Long four times.  (Id. ¶ 8.)  Despite these letters and telephone calls, Stevens declares that Defendants did not enter into a license agreement with BMI and that they continue to offer unauthorized public performances of Plaintiffs' copyrighted material.  (Id. ¶ 9.)  Accordingly, the Court agrees with Plaintiffs that the record indicates willful violations of the Copyright Act.  See Shane's Flight Deck, 2010 WL 4916208, at *1 n.1 (noting that "[d]espite 24 letters and 34 phone calls over a period of nearly three years, defendant . . . has continued to infringe BMI-licensed musical compositions and refuses to obtain a performance license from BMI . . . [this] conduct represents a willful violation of the copyright act"); It's Amore Corp., 2009 WL 1886038, at *7 (finding that ignoring the plaintiffs' cease and desist letters and repeated requests to enter into a license fee constituted a willful violation of the Copyright Act).

However, the Court must also consider whether the requested statutory damages are reasonable in relation to the costs saved by Defendants and the license fees Plaintiffs "lost" when Defendants refused to comply with the requirements of the Copyright Act.  Spring Mount, 555 F. Supp. 2d at 544 (E.D. Pa. 2008).  "Recognizing the important deterrent purpose served by

statutory damages, courts routinely compute statutory damages in cases . . . [involving copyright infringement] between two to six times the license fees defendants 'saved' by not obeying the Copyright Act." It's Amore Corp., 2009 WL 1886038, at *8.  See also DeGallo, 872 F. Supp. at 169 ("It appears that, in the narrow class of cases dealing with willful, unauthorized, musical performances in public establishments, the damages awards range from two times the licensing fee to five times the licensing fee.").

Here, according to the declaration of Mr. Stevens, Plaintiffs lost an estimated approximately $6,425.00 in license fees between December 2010 and November 2013.  (Doc. No. 12-3 ¶ 17.)  Mr. Stevens also states that the current annual license fee would be approximately $2,250.00, and that Defendants are still performing unlicensed music owned by Plaintiffs.  (Id.)  Thus, the Court understands that Plaintiffs are asserting a total loss of $8,675 in potential licensing fees due to Defendants' unwillingness to enter into a licensing agreement. The total requested statutory damages of $30,000 therefore represents roughly three-and-a-half times the asserted lost revenue.

However, the requested damages of $2,500 for each of twelve claimed violations, totaling $30,000 or roughly three-and-half times the unpaid licensing fees, falls on the high end of recent statutory damages awards in this circuit for similar actions and, accordingly, the Court finds that a slightly lower award of $2,000 per infringement is appropriate.  In Shane's Flight Deck, for example, although the Court awarded a higher $5,000 per infringement for four infringements, this $20,000 total only amounted to roughly three times the asserted lost licensing fees.  Shane's Flight Deck, 2010 WL 4916208, at *1 n.2.  Moreover, in both Spring Mount and Frank Music Corp., the courts agreed that $2,000 per-violation was an appropriate award for infringing

activity very similar to that presented in this action.  Indeed, in <u>Frank Music Corp.</u>, although the court expressed confusion, due to Plaintiffs' contradictory filings, as to whether they sought $2,000 or $2,500 per violation in moving for default judgment, the court found <u>Spring Mount</u> persuasive and ultimately concluded that $2,000 was an appropriate and reasonable penalty.  <u>See</u> 2009 WL 744964, at *2 n.1.  The Court will follow the guidance of <u>Spring Mount</u> and <u>Frank Music Corp.</u>, both of which feature facts substantially similar to those before the Court. Accordingly, the Court will award $2,000 for each of the twelve violations, for total statutory damages of $24,000, an award slightly less than three times the claimed lost fees.  This makes for an award consistent with both the $2,000 per-infringement found reasonable in <u>Spring Mount</u> and <u>Frank Music Corp.</u>, and the lost fee ratio in <u>Shane's Flight Deck.</u>[4]  The Court finds this award fair and just, and that it adequately serves "the dual purposes of compensation and deterrence" to which such damages are aimed.  <u>See</u> <u>Spring Mount</u>, 555 F. Supp. 2d at 544.

### 3.    Costs and fees

Lastly, Plaintiffs seek costs and fees in this matter.  (Doc. No. 11 at 1.)  Specifically, it appears that Plaintiffs request $3,330.00 in counsel fees and $619.30 in costs.  (Doc. No. 12-1.) A district court may, at its discretion, award costs and attorneys' fees to a prevailing party in a copyright infringement suit. 17 U.S.C. § 505;  <u>Spring Mount</u>, 555 F. Supp. 2d at 545.  Factors for courts to consider include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  <u>Lieb v. Topstone Indus., Inc.</u>, 788

---

[4]  The Court is cognizant that one court in this circuit found that an award of roughly three-and-a-half times the lost license fees was reasonable.  <u>See</u> <u>It's Amore Corp.</u>, 2009 WL 1886038, at *8.

11

F.2d 151, 155-156 (3d Cir. 1986)).  Other courts dealing with similar matters have generally

seen fit to award costs and fees in this matter.  See, e.g., Spring Mount, 555 F. Supp. 2d at 545-

46; Frank Music Corp., 2009 WL 744964, at *3.  Consistent with those findings, the Court

agrees that costs and fees are appropriate in light of Defendants' willful violations and refusal to

properly license performance rights, despite repeated entreaties to do so.[5]  See It's Amore Corp.,

2009 WL 1886038, at *9 ("The Court will grant plaintiff's request for attorneys fees.  The

actions of the defendants in this case, who refused to enter into a performance license with the

plaintiffs despite the obvious need for one and then wilfully infringed on plaintiffs' copyrights,

forced the plaintiffs to engage in litigation to protect their property.").

"Once a court has determined that awarding fees is appropriate, the court must then

determine what amount is reasonable under the circumstances."  Id., at *9 (quoting Lieb, 788

F.2d at 156).  In support of the claim for fees, Plaintiffs' counsel, Stanley H. Cohen, filed a

thorough declaration in which he sets forth his credentials, which include decades of experience

in the realm of copyright law, his handling of more than 100 civil actions for BMI dating back to

1969, and the presentation of numerous lectures concerning copyright protection.  (Doc. No. 12-

1.)  In prior similar cases brought by BMI, courts have approved Cohen's then-hourly rate of

$575.00 as appropriate and reasonable for a lawyer of his credentials providing comparable

legals services.[6]  In his declaration, Cohen asserts that his rate has now been lowered to $450.00,

which the Court finds is reasonable for his services.  (Id. ¶¶ 19-21.)  The Court additionally finds

that the 7.4 hours of time for which he seeks fees are reasonable in light of his work preparing

---

[5] See discussion pp. 8-9, supra, regarding Defendants' willful violations.

[6] See, e.g., It's Amore Corp., 2009 WL 1886038, at *7.

the complaint, the motion for default judgment, and the accompanying exhibits and declarations filed in support of the motion.  (Id. ¶¶ 24-26.)  For these reasons, the Court will grant the requested attorney's fees of $3,330.00 representing 7.4 hours of billed time at $450.00 an hour. Lastly, the Court will also award costs.  According to Mr. Cohen, Plaintiffs seek a total of $619.30 in costs, consisting of $400.00 for the district court filing fee, and $219.30 for payment to a process server, both of which the Court finds reasonable.[7]  (Id. ¶¶ 27-28.)  Accordingly, the Court will award a total of $3,949.30 in costs and fees.

**III.     CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiffs' motion for default judgment. (Doc. No. 11.)  An order consistent with this memorandum follows.

---

[7] The Court observes that the Plaintiffs' motion for default judgment actually requests $3,949.00 in costs and fees (Doc. No. 11), in contrast with the $3,949.30 detailed and requested in the sworn declaration of Mr. Cohen (Doc. No. 12-1 at 8).  Because the detailed costs and fees do indeed amount to $3,949.30, the Court concludes that the request for $3,949.00 was in error and, accordingly, will award $3,949.30.